IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| LENA C. WILLETT ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: _____ |
| ) | |
| CAPITAL MANAGEMENT SERVICES, ) | |
| LP and JOHN DOE, ) | Jury Trial Demanded |
| ) | |
| Defendants. ) | |

## COMPLAINT

### I. INTRODUCTION

1. This action arises out of Defendants and their agents violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## III. PARTIES

4. Plaintiff Lena C. Willett (hereinafter "Plaintiff") is a natural person who resides in Hamblen County, Tennessee and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Capital Management Services, LP (hereinafter "Defendant CMS") is a for-profit limited partnership organized in Delaware, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and an unregistered foreign business entity doing business in Tennessee that maintains The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801 as its registered agent for service of process.

6. Defendant John Doe (hereinafter "Defendant Doe") is a natural person who is employed by Defendant CMS as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and he presently cannot be served until his true identity is determined.

## IV. FACTUAL ALLEGATIONS

7. Defendants have alleged that Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card debt that was owned or serviced by Chase Bank, in the approximate amount of $10,000.00, which credit card was used by Plaintiff for personal, family and household purchases.

8. Sometime prior to July 6, 2007, the Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendant CMS for collection from Plaintiff.

## July 6, 2007 Collection Call

9. On or about July 6, 2007, Defendant CMS's collector, Defendant Doe, contacted Plaintiff's mother-in-law by telephone from telephone number 800-294-5726 in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

10. Upon information and belief, telephone number 800-294-5726 is a telephone number that has been assigned to Defendant CMS.

11. When Plaintiff's mother-in-law answered her telephone, an unidentified person (Defendant Doe) asked if she was Plaintiff's mother and she replied she was Plaintiff's mother-in-law.

12. Defendant Doe then told Plaintiff's mother-in-law that Plaintiff owed over $10,000.00 on a credit card and wanted to know if Plaintiff's mother-in-law could help Plaintiff pay the debt.

13. In response to this question, Plaintiff's mother-in-law told Defendant Doe that she didn't have that kind of money.

14. Defendant Doe then said, "Well, somebody needs to help her before she goes to jail" and Plaintiff's mother-in-law hung up the telephone.

15. This communication by Defendant Doe was a collection communication in violation of numerous and multiple provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692b(1), 1692b(2), 1692c(b), 1692d, 1692d(6), 1692e, 1692e(4), 1692e(7), 1692e(10), and 1692f, amongst others.

## Summary

16. The above-detailed conduct by Defendants, including, but not limited to communication with Plaintiff's mother-in-law in connection with the collection of the debt without the prior consent of the Plaintiff given directly to Defendants and placement of a telephone call without meaningful disclosure of their identity are abusive, harassing, false, misleading, and unfair communications, acts, omissions, and/or practices used by Defendants in illegally attempting to collect a debt from Plaintiff in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by revelation of financial private facts to third parties.

17. Plaintiff has suffered actual damages as a result of this illegal collection communication by these Defendants in the form of emotional distress caused by anger, anxiety, fear, frustration, upset, humiliation, and embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal and financial privacy by revelation of financial private facts to third parties.

## *Respondeat Superior Liability*

18. The acts and omissions of Defendant Doe, employed as an agent by Defendant CMS and who communicated with a third-party as more further described herein, were committed within the time and space limits of his agency relationship with his principal, Defendant CMS.

19. The acts and omissions by Defendant Doe were incidental to, or of the same general nature as, the responsibilities this agent was authorized to perform by Defendant CMS in collecting consumer debts.

20. By committing these acts and omissions against Plaintiff, Defendant Doe was motivated to benefit his principal, Defendant CMS.

21. Defendant CMS is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by its collection employee including, but not limited to violations of the FDCPA, and Tennessee tort law, in his attempts to collect this alleged debt from Plaintiff.

## V. TRIAL BY JURY

22. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## VI. CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 *et seq.*

23. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

24. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not

limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, with respect to Plaintiff.

25. As a result of each and every Defendant violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## COUNT II.

### INVASION OF PRIVACY BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTIES

26. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

27. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

28. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates a broad range of "financial

institutions" whose definition includes debt collectors, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

29. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and private concerns or affairs of Plaintiff, namely, by unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

30. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and private concerns or affairs of Plaintiff, namely, by unlawfully disclosing information about this debt to third parties, and thereby invaded Plaintiff's right to financial privacy.

31. Defendants and/or their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

32. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs, and private financial information.

33. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

34. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

### COUNT II.

### INVASION OF PRIVACY BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTIES

- for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasion of privacy in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

07/01/08                                  Respectfully submitted,

**LENA C. WILLETT**

_____
Alan C. Lee, Esq.
Attorney for Plaintiff
BPR #012700
P. O. Box 1357
Morristown, TN 37816-1357
(423) 581-0924
info@alanlee.com

9

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF TENNESSEE )
COUNTY OF HAMBLEN )

Plaintiff Lena C. Willett, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: 7-1-08          By: Lena C. Willett
                          Lena C. Willett

Subscribed and sworn to before me this 01 day of July 2008.

Linda Wilder /TM
Notary Public

Commission expires
8-31-2010